White J.
delivered the following opinion of the court.
This was an action of detinue, brought by the plaintiffs for the recovery of two negroes, and damages for the detention of them. The declaration states the negroes to be the property of the plaintiffs, and to be detained by the defendant, who has refused to deliver them, but converted them to his own use, to the damage of the plaintiff.
The defendant pleaded not guilty of the detention, as charged in the plaintiffs declaration ; on which issue was joined. On the trial the jury found a verdict for the plaintiffs ; whereupon the defendant applied to the circuit court, to arrest the judgment on the verdict, on the ground that the damages are laid to the plaintiffs, when, as is alleged, it appears from the declaration, the cause of action accrued to the husband alone. The plaintiff then applied to the court for leave to amend his declaration, by laying the injury to be to the husband alone ; which the court refufed, but gave judgment for the defendant ; from which judgment the plaintiffs prayed a writ of error, by which the cause is to brought into this court.
On the part of the plaintiffs in error, it is contended, first, that the injury is correctly laid to the damage of husband and wife ; and secondly, that if the declaration is, in this respect, faulty, the circuit court erred in refusing to permit the amendment.
On the part of the defendant in error, it is insisted, that the negroes being charged to have been lost from the possession of the husband and wife, and the possession of the wife being the possession of the husband, the action ought to have been in the name of the husband alone ; and, secondly, that as the amendment was prayed at a subsequent, term after the rendering of the verdict, the circuit court were not authorised to permit it.
Throughout the record from the commencement, many inaccuracies are to be found. Neither the declaration, plea, or verdict, are considered strictly formal. But we are clearly of opinion, that there was no such substantial defect, as would authorise the court after a verdict on the merits of the cause, to refuse the plaintiff a judgment in pursuance of that verdict. Both, the courts in England, and in this *170 country, have uniformly, for a long time past, strongly leaned against all attempts, after an investigation of a cause on its merits, to defeat the successful party, by nice objections to the form of proceeding ; and it has evidently been the object of the legislature, as far as possible to aid the courts in their attempts to do substantial justice, although objections to the mode of proceeding might exist.
In this case, it is not perceived that the defendant could have been injured by a defect in the record. The declaration states the negroes to be the property of the husband and wife, and charges that they are detained by the defendant ; this is all was necessary to hate been stated, to entitle them to their action. The defendant has denied the whole declaration ; an investigation has been had, and each party has been permitted to contest the allegations of the other. The result has been, a verdict for the plaintiffs, by which it is ascertained, that they have supported by proof, every material allegation in their declaration. At this stage of the proceedings, to turn the plaintiffs out of court, would certainly be to decide against the real merits of the cause. We give no opinion on the question, respecting the amendment, because, we are satisfied, that if there are any defects in this record, of which the defendant could, at any time, have availed himself, it was incumbent on him to have taken advantage of them at an earlier stage in the cause, and that his exceptions after verdict, come too late. We are therefore of opinion, that the judgment of the circuit coast must be reversed, and that judgment must be given for the plaintiff, in conformity with the verdict.